## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

DISH NETWORK LLC, *et als.*,

**Plaintiffs**,

v.

**Civil No.** 17-2084 (FAB)

FRANCISCO LLINAS, *et als.*,

**Defendants.**

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is plaintiffs DISH Network LLC ("DISH Network") and NagraStar LLC ("NagraStar")'s motion to dismiss defendants Francisco Llinas ("Llinas"), Jormarie Rivera ("Rivera"), doing business as FJ Internet Solution's counterclaim for abuse of process pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 34.) For the reasons set forth below, the Court **GRANTS** DISH Network and NagraStar's motion to dismiss the defendants' counterclaim.

## I.  Background

DISH Network and NagraStar commenced this action on August 15, 2017, filing suit against Llinas, Rivera and FJ Internet Solution pursuant to the Digital Millennium Copyright Act, 17 U.S.C. section 1201(a)(2), the Federal Communications Act, 47 U.S.C. section 605(a) and (e)(4), and the Electronic

Communications Privacy Act, 18 U.S.C. sections 2511(1)(a) and 2520. (Docket No. 1.) DISH Network is a satellite television provider, offering access to movies, sports and general entertainment programing for a subscription fee. Id. at p. 2. NagraStar provides DISH Network with smart cards and other security technologies. Id. at p. 3.

This action stems from Llinas, Rivera, and FJ Internet Solution's purported importation and distribution of unauthorized receivers and related devices. Id. at p. 5. DISH Network and NagraStar aver that these devices function only to circumvent DISH Network's security technology. Id. By bypassing satellite signal encryption and other security measures, Llinas, Rivera and FJ Internet Solution allegedly obtained DISH Network programing without authorization. Id.

Llinas and Rivera answered the complaint, and set forth a counterclaim asserting a single cause of action. (Docket No. 19.) Llinas and Rivera allege that DISH Network and NagraStar abused the legal process by possessing "an ulterior motive, lacking good faith, [and] for filing this groundless action." Id. at p. 17. DISH Network and NagraStar moved to dismiss the abuse of process counterclaim, arguing that Llinas and Rivera's allegations are deficient pursuant to pleading standard set forth in Federal Rule of Civil Procedure 8.

## II.  Rule 12(b)(6) Motion to Dismiss Standard

Pursuant to Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed.R.Civ.P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint or counterclaim must contain sufficient factual matter "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555.  In doing so, the Court is "obligated to view the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011).  A complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely."  Ocasio-Hernández, 640 F.3d at 13 (internal quotation marks and citations omitted).

## III. Discussion

Puerto Rico Law governs this Court's analysis of the abuse of process claim.[1]  To prevail on an abuse of process claim, Llinas and Rivera must establish two elements: that DISH Network and NagraStar (1) possessed a bad motive, and (2) employed the legal process for an improper, collateral objective.  González-Rucci v. United States INS, 539 F.3d 66, 71 (1st Cir. 2008) (affirming dismissal of abuse of process claim because "the record does not show the requisite bad motive").  Abuse of process generally involves the misuse of discovery, subpoenas, attachment, and other procedures.  Nogueras-Cartagena v. United States, 172 F. Supp. 2d 296, 316 (D.P.R. 2001) (Domínguez, J.) ("[M]alicious prosecution is used to challenge the whole of a lawsuit while abuse of process covers the allegedly improper use of legal procedures after a suit has been filed properly.") (internal citation omitted).  Ultimately, the proponent of an abuse of process action must prove

---

[1] Subject matter jurisdiction exists in the underlying complaint because DISH Network and NagraStar assert claims pursuant to the following federal statutes: the Digital Millennium Copyright Act, the Federal Communications Act, and the Electronic Communications Privacy Act.  See 28 U.S.C. § 1331.  Exercise of this Court's supplemental jurisdiction over the abuse of process claim, a cause of action rooted in Puerto Rico law, is appropriate.  The abuse of process claim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a); see Ortiz-Bonilla v. Federación de Ajedrez de P.R., Inc., 734 F.3d 28, 35 (1st Cir. 2013) ("A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts.") (internal quotation marks omitted).

ulterior motive **and** an abusive act.  See Boschette v. Bach, 916 F.

Supp. 91, 97 (D.P.R. 1996) ("An act of abuse cannot be inferred

from evidence of motive alone.").

Llinas and Rivera premise their abuse of process counterclaim

on DISH Network and NagraStar's "filing [of] an action [. . .]

which they knew was meritless." (Docket No. 19 at p. 17.)  Filing

of the complaint is the only allegation tethering DISH Network and

NagraStar to the abuse of process cause of action.  Id.  Llinas

and Rivera claim that DISH Network and NagraStar lacked good faith,

and "acted willfully and intentionally." Id. at pp. 15-18.  The

remaining allegations are conclusory and detail the alleged

damages arising from the counterclaim.

The allegations in the counterclaim fail to state a claim for

abuse of process.  In Simon v. Navon, the First Circuit Court of

Appeals held that the "[f]iling of a lawsuit is a regular use of

process, and therefore, may not on its own fulfill the requirement

of an abusive act, even if the decision to sue was influenced by

a wrongful motive, purpose or intent." 71 F.3d 9, 16 (1st Cir.

1995) (holding that "a showing of bad motive in connection with

'regular' process is not enough" to sustain an abuse of process

claim).  Llinas and Rivera fail to identify an abusive act, such

as an improper issuance of a subpoena or discovery request.  See

Redmond v. Yachting Solutions, LLC, No. 17-292, 2018 U.S. Dist.

LEXIS 31470 *5 (D. Me. Feb. 27, 2018) (holding that because "the abuse of process counterclaim is based on Plaintiff's filing of the present lawsuit[, for] this reason, Defendant's [abuse of process claim] is DISMISSED").[2]  Other than the filing a civil action, Llinas and Rivera set forth no additional facts suggesting that either DISH Network or NagraStar performed an abusive act. Accordingly, the Court dismisses the abuse of process counterclaim.[3]

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** DISH Network's and NagraStar's motion to dismiss pursuant to Rule 12(b)(6).  (Docket No. 34.)  Consequently, the counterclaim is **DISMISSED with prejudice**.

---

[2] See, e.g., TeleRep Cribe, Inc. v. Zambrano, 266 F. Supp. 2d 284, 288 (D.P.R. 2003) (Arenas, J.) (dismissing abuse of process claim because "the act of filing a complaint does not give rise to liability in this jurisdiction"); Beaulieu v. Bank of Am., No. 14-023, 2014 U.S. Dist. LEXIS 136876 *16 (D. Me. Sept. 29, 2014) (dismissing abuse of process claim pursuant to Rule 12(b)(6) because "continuing to prosecute the Forfeiture Action after determining that notice had not been provided" did not constitute an abusive act); OfficeMax, Inc. v. Sousa, 773 F. Supp. 2d 190, 241 (D. Me. 2011) (granting summary judgment as to the abuse of process claim because "the filing of a lawsuit alone does not provide a basis for an abuse of process claim").

[3] DISH Network and NagraStar also move for dismissal pursuant to the Noeer-Pennington doctrine, first articulated by the United States Supreme Court in Eastern R. Presidents Conference v. Noerr Moro Freight, Inc., 365 U.S. 127 (1961).  This doctrine "makes petitioning activity immune from antitrust liability," subject to a "sham" litigation exception. P.R. Tel Co. v San Juan Cable LLC, 874 F.3d 767 (1st Cir. 2017) (citation omitted).  Because Llinas and Rivera fail to state a claim pursuant to Rule 12(b)(6), the Court need not address the applicability of the Noerr Pennington doctrine.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 20, 2018.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE